## HARRELL v. DORRANCE.

### No. 12827.

Court of Civil Appeals of Texas. Fort Worth.

May 6, 1933.

Rehearing Denied June 3, 1933.

Arch Dawson, of Wichita Falls, for appellant.

Luther Hoffman and H. J. Bruce, both of Wichita Falls, for appellee.

DUNKLIN, Justice.

F. O. Harrell and G. I. Dorrance entered into a written contract which contemplated the subdivision of a tract of land into lots and blocks as an addition to the city of Childress and the sale of the lots after the platting. The contract recited that Harrell "is the owner of the following described tract of land" (followed by a description of the tract). It further provided that Harrell was to advance the entire purchase price of the land and all expenses in connection with the surveying, platting, subdividing, and recording of said addition and the map and plat thereof, together with the expenses incident to procuring city water, lights, and the grading of the streets in the addition which the parties might agree to have graded and the cost of advertising the property for sale, and all other sums that may be expended on the land by Harrell, all of which expenses were to be added to the original purchase price of the property. The contract further stipulated that Dorrance was to supervise the surveying and platting and subdividing of the property and to perform all other services incident to the carrying out of the contemplated project. The contract further provided that the proceeds of the sale of the property should be applied, first, to reimburse Harrell in the amount expended by him in carrying out his obligations, with a division of the balance remaining between the parties in certain proportions.

This suit was instituted by Dorrance against Harrell to recover what he claimed to be owing to him as the result of sales made of lots after the land had been subdivided, and put on the market.

Upon the trial of the case, judgment was rendered in favor of the plaintiff for $664.92, from which Harrell has prosecuted this appeal.

The case was tried before the court without a jury. The evidence showed that, after the contract was entered into, Harrell purchased the property for a consideration of $8,000, which was borrowed upon his promissory note. The evidence further showed that interest accumulated on that loan before it was paid off in the sum of $2,058.20. In negotiations between the parties following the termination of Dorrance's efforts to sell the property, Harrell claimed that the interest so paid by him should be included in the accounting as a part of the amount which he was entitled to receive out of the proceeds of the sale before any division of the profits with Dorrance. Upon the trial, this agreement was entered into by counsel for both parties: "It has been agreed by all parties that there is an item of interest which was charged as an expense, amounting to $2,058.20. If that is a proper charge—that is, if Mr. Harrell is entitled to share that against the funds now in his possession, then the portion which Mr. Dorrance would be entitled of the net profits would be $203.26. If, however, our contention about this interest charge should be sustained by the court—that is to say, if the court should hold that the interest charge of $2,058.20 was not a proper charge against the income from the business up there, then we would be entitled to one-half of the amount of that interest."

In appellant's brief the statement is made that the court refused the claim made by Harrell that the amount of interest paid by him, to wit, $2,058.20, should be added to the $8,000, the purchase price he paid for the property, and the aggregate deducted from the amounts realized from the sale of the lots before there was any division of profits with Dorrance. And the only assignment of error presented here is to that ruling. It is insisted that certain provisions in the contract definitely fixed Harrell's right to be reimbursed out of the sales for the interest accruing on the notes which he gave for money to purchase the land, as well as the price paid for the land, before any division of profits.

The provision especially stressed is the stipulation in paragraph 3 of the contract, to the effect that 75 per cent. of the amounts realized from the sale of the lots shall be retained by party of the first part "until the party of the first part has been repaid all amounts paid out by him in connection with the purchase, improvements and betterment of said property. After party of the first part has been repaid all amounts so expended

by him, the parties hereto shall be considered equally and jointly interested in any and all amounts remaining as net profits from the sale of any of said property. * * * "

Interpreting the contract as a whole, we are strongly impressed that it shows on its face that the purchase price of the property and not interest accrued on money borrowed with which to pay for it would control. However, upon the trial of the case, counsel for Harrell, upon the theory that the contract was ambiguous, introduced testimony of Harrell tending to show that contemporaneously with the execution of the contract it was understood between the parties thereto that the interest upon the money he would borrow to enable him to pay the purchase price of the property should be included as a part of the purchase price. But Dorrance testified in flat contradiction of that testimony, and therefore we are unable to disturb the finding of the court in favor of the plaintiff on that issue.

Accordingly, all assignments of error are overruled, and the judgment is affirmed.